**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

K.S., a minor, by his parents and next friends,
Louis and Marilyn Schwartz,
1215 East Capitol Street, SE,
Washington D.C. 20003,

and

LOUIS AND MARILYN SCHWARTZ,
1215 East Capitol Street, SE,
Washington D.C. 20003,

Plaintiffs,

v.

DISTRICT OF COLUMBIA,
A Municipal Corporation,
One Judiciary Square,
441 Fourth Street, N.W.,
Washington, D.C. 20001,

Defendant.

**Civil Action No. ______________**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**Preliminary Statement**

1. This is an action brought by Louis and Marilyn Schwartz ("parents"), in their own right and on behalf of their son, K.S., alleging that the District of Columbia Public Schools ("DCPS" or "school system") failed to provide K.S. with the free appropriate public education ("FAPE") to which he is entitled under the Individuals With Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§1400 *et seq.* In addition, the Hearing Officer who decided this action compounded the violation when he refused to continue K.S.'s placement at Commonwealth Academy ("Commonwealth"), despite evidence that he was benefitting from the placement and that the proposal from DCPS for K.S. to change to a different school part way through the school

year, is inappropriate.

2. The Hearing Officer erred in dismissing the parents' complaint with prejudice and denying continued funding for K.S.'s placement at Commonwealth for the 2012-2013 school year.

**Jurisdiction**

3. This Court has jurisdiction pursuant to the IDEA, 20 U.S.C. §§ 1400 *et seq*. and 28 U.S.C. §§ 1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. Plaintiffs have exhausted their administrative remedies and seek to reverse the decision of a Hearing Officer of the Student Hearing Office of the Office of the State Superintendent of Education, 2013-0012 (March 23, 2013).

**Parties**

4. K.S. is a fourteen-year-old disabled student, who at all times relevant to this action, resided in the District of Columbia. His parents, Louis and Marilyn Schwartz, bring this action on K.S.'s behalf and in their own right.

5. The District of Columbia is a municipal corporation receiving federal funds under the IDEA. 20 U.S.C. §§ 1400 *et seq*. DCPS is a local educational agency as defined by 20 U.S.C. § 1401, that is part of the District of Columbia, and, as such, receives financial assistance from the United States Department of Education. DCPS is responsible for complying with federal law with respect to the provision of a FAPE to each disabled child in the District of Columbia.

**Factual Allegations**

6. K.S. is a fourteen-year-old student who currently attends Commonwealth in Alexandria, Virginia.

7. K.S. has resided in the District of Columbia with his parents at all times relevant to this action.

8. K.S. has been diagnosed with multiple educational disabilities, including a hearing impairment and a mood disorder.

9. K.S. has been funded at Commonwealth by DCPS since the second half of the 2009-2010 school year.

10. In early 2011, the parents filed a due process hearing request alleging that DCPS denied K.S. a FAPE by failing to find him eligible for special education services, or to propose an appropriate program and placement.

11. A due process hearing was held on March 2 and 7, 2011.

12. Hearing Officer Wanda Resto Torres concluded that K.S. required special education, that Commonwealth was an appropriate placement for him, and that DCPS should reimburse the parents for the incurred costs for the second semester of the 2009-2010 school year.

13. Hearing Officer Resto Torres also directed DCPS to offer K.S. an educational program with full-time specialized instruction outside of the general education setting.

14. DCPS continued to fund K.S. at Commonwealth through the 2010-2011 and 2011-2012 school years.

15. On May 2, 2012, DCPS convened an IEP meeting for K.S. and proposed twenty-four-and-a-half hours per week of specialized instruction in the general education setting and one hour each per day of special education services outside of the general education setting in the areas of reading, written expression, and mathematics.

16. K.S.'s parents and Commonwealth staff expressed their concerns about removing K.S. from Commonwealth, and from the school's small class sizes and consistent routines.

17. On May 3, 2012, DCPS issued a Prior Written Notice containing its proposal to change K.S.'s placement as a result of his progress at Commonwealth.

18. The Prior Written Notice asserted that the school system could implement his IEP, but did not indicate a site for K.S.'s placement for the 2012-2013 school year.

19. On May 25, 2012, K.S.'s mother received a letter from DCPS stating that K.S. would be placed at Elliot Hine Middle School ("Elliot Hine") for the 2012-2013 school year.

20. In spite of her concerns about withdrawing K.S. from Commonwealth, K.S.'s mother inquired about visiting the school and was told by the Special Education Coordinator, Dr. Bernard Carter, that there was nothing to see and instead she should just register K.S. there.

21. K.S.'s mother expressed her concerns about K.S. being placed in eighth, rather than ninth, grade and was told by Dr. Carter to contact the special education department at Eastern High School.

22. K.S's mother also contacted Danielle Brown, the DCPS representative assigned to assist with K.S.'s transition from Commonwealth to Elliot Hine.

23. K.S.'s mother received no response to her inquiries.

24. On July 13, 2012, the parents, through counsel, sent a letter to DCPS requesting

an update regarding the status of K.S.'s proposed placement at Elliot Hine.

25. The parents never received a reply from DCPS, nor any sort of clarification regarding where the school system was proposing that K.S. attend school for the 2012-2013 school year.

26. On August 13, 2012, the parents filed a due process complaint alleging that DCPS had denied K.S. a FAPE by failing to propose an appropriate program or placement for the 2012-2013 school year, and requesting continued placement and funding at Commonwealth.

27. A due process hearing was held on October 19, 2012 before Hearing Officer Joseph Selbka.

28. Although Hearing Officer Selbka questioned his ability to order placement at Commonwealth because of its status, he found that DCPS denied K.S. a FAPE by failing to consider the effects of his disability in transitioning to a new program when creating his IEP.

29. Hearing Officer Selbka ordered DCPS to convene an IEP meeting within thirty days of his decision and to consider five factors relating to K.S.'s needs in transitioning to a new placement when drafting his IEP:

- How transition to a new location would affect K.S.'s learning;
- The effect of a new physical location on K.S.;
- The effect of K.S.'s anxiety and other disabilities on his educational performance in light of a transfer;
- Whether the composition of the student body or physical layout of a new placement would affect the provision of a FAPE to K.S.; and
- Any other aspects of K.S.'s disability as to how a transfer would affect

him, presented by the parents and their advocates at the IEP meeting.

30. Hearing Officer Selbka ordered DCPS to maintain K.S.'s placement at Commonwealth until it could convene the IEP meeting.

31. DCPS convened the IEP meeting on December 10, 2012.

32. DCPS proposed placement at Eastern beginning immediately for the remainder of the 2012-2013 school year.

33. The DCPS IEP team failed to take into account the effects of the transition on K.S. in any significant way, despite Hearing Officer Selbka's order to do so, beyond noting in its Prior Written Notice that, "Eastern was able to accommodate transition with minimal educational and behavioral harm."

34. The parents rejected the proposed program and placement because it was inappropriate for K.S., especially if he were required to change placements mid-school year.

35. On January 7, 2013, the parents filed another due process hearing request against DCPS, invoking the protections of "stay-put" under the IDEA and seeking placement and funding at Commonwealth for the 2012-2013 school year.

36. The following issues were contained in the hearing request:

- Did DCPS deny K.S. a FAPE by failing to propose an appropriate program;
- Did DCPS deny K.S. a FAPE by failing to propose an appropriate placement; and
- Is Commonwealth a proper placement.

37. The due process hearing was held on March 11, 2013.

38. At hearing, the parents presented evidence establishing that DCPS denied K.S. a FAPE by failing to propose an appropriate program or placement for the 2012-2013 school year or to consider the effect of transitioning to a new program on K.S. in the middle of the school year.

39. The parents presented evidence and testimony that K.S. is making academic and social/emotional progress at Commonwealth, and that a change to a new school would cause him serious harm.

40. On March 23, 2013, Hearing Officer Coles Ruff issued his decision.

41. The Hearing Officer concluded that the DCPS IEP team considered and incorporated the considerations outlined in Hearing Officer Selbka's decision in developing K.S.'s IEP and transition plan.

42. Hearing Officer Ruff also incorrectly determined that the evidence did not demonstrate that the concerns for moving K.S. to another school mid-year were no more acute than those of any other student, completely ignoring the evidence presented by the parents.

43. The Hearing Officer also concluded that the parents did not meet their burden of proof to show that Commonwealth was an appropriate location of services for K.S.

44. Hearing Officer Ruff failed to give proper weight to the testimony of the parents' expert, Dr. Eric Levine, regarding the appropriateness of Commonwealth for K.S., based on his unfamiliarity with the program at Eastern, completely overlooking Dr. Levine's opinion on large programs for K.S. and his knowledge of similar programs to Eastern.

45. The Hearing Officer concluded that the school system had proposed a program that could implement K.S.'s IEP.

46. Hearing Officer Ruff dismissed the parents' complaint and denied their request for K.S.'s continued placement at Commonwealth for the remainder of the 2012-2013 school year.

47. The Hearing Officer did rule that K.S. had "stay-put" protection for his placement at Commonwealth.

48. The Hearing Officer's decision contains multiple errors of fact and law.

49. The Hearing Officer's decision contains multiple typos and errors.

50. The Hearing Officer's findings of fact were not regularly made.

51. The Hearing Officer applied an incorrect legal standard in reaching his decision.

52. K.S. and his parents are aggrieved by the Hearing Officer's decision.

53. The plaintiffs have exhausted their administrative remedies.

**COUNT I**
(Failure to Provide a FAPE)

54. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 53.

55. Defendant's failure to provide K.S. with a free appropriate public education violates plaintiffs' rights under the IDEA and District of Columbia law.

**COUNT II**
(Failure to Order an Appropriate Program and Placement)

56. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 53.

57. The failure of the Hearing Officer to order defendant to place and fund K.S. in an appropriate program and placement violates the IDEA and District of Columbia law.

**COUNT III**
(Failure of the Hearing Officer to Render a Proper Decision)

58. Plaintiffs incorporate as though restated each of the factual allegations stated in paragraphs 1 through 53.

59. The Hearing Officer committed error and violated plaintiffs' due process rights under the IDEA and District of Columbia law by failing to render a proper decision based on an accurate and impartial understanding of the facts.

60. The Hearing Officer committed error and violated the plaintiffs' due process rights under the IDEA and District of Columbia law by failing to apply correct legal standards.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully request that this Court:

1. Issue judgment for plaintiffs and against defendant;

2. Issue declaratory relief that defendant violated plaintiffs' rights under applicable law;

3. Issue injunctive relief, vacating the order of the Hearing Officer and ordering defendant to reimburse plaintiffs for the tuition expenses and costs incurred in enrolling K.S. at Commonwealth Academy for the 2012-2013 school year;

4. Order defendant to place and fund K.S. at Commonwealth Academy and declare it to be his current educational placement under the IDEA;

5. Order defendant to pay plaintiffs' reasonable attorneys' fees and costs, including the fees and costs of this action; and

6. Award any other relief that this Court deems just.

Respectfully Submitted,

/s/ (filed electronically)

Michael J. Eig #912733
Paula A. Rosenstock #494580
Benjamin W. Massarsky #1006937
MICHAEL J. EIG AND ASSOCIATES, P.C.
5454 Wisconsin Avenue
Suite 760
Chevy Chase, Maryland 20815
(301) 657-1740

Counsel for Plaintiffs